UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

MICHAEL TAYLOR,

                                             Plaintiff,

                    -against-

CITY OF NEW YORK, HENRY RIVERA, Individually,
JORGE SANABRIA, Individually, JAMES GRILLO,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                             Defendants.

-------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

16 CV 5887
(NG) (RML)

Jury Trial Demanded

        Plaintiff MICHAEL TAYLOR, by his attorneys, Brett H. Klein, Esq., PLLC,

complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

### JURISDICTION

        2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

        4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff MICHAEL TAYLOR is a forty-six-year-old man residing in Rockville

Centre, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the aforementioned

municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants,

HENRY RIVERA, JORGE SANABRIA, JAMES GRILLO, and JOHN and JANE DOE 1

through 10, were duly sworn police officers of said department and were acting under the

supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.     On July 25, 2015, beginning at approximately 11:30 p.m., going into July 26, 2015, in the vicinity of Mother Gaston Boulevard and Blake Avenue, Brooklyn, New York, NYPD police officers pulled plaintiff's vehicle over, despite lacking a legal justification for doing so.

13.     Defendant NYPD officers HENRY RIVERA and JORGE SANABRIA initially approached plaintiff's vehicle.

14.     Thereafter, NYPD officer JAMES GRILLO, who holds the rank of sergeant, approached plaintiff's vehicle.

15.     Upon approaching, GRILLO ordered plaintiff to exit his vehicle and to stand at the rear of his vehicle.

16.     While plaintiff was at the rear of his vehicle, the defendants illegally searched plaintiff and his vehicle, and handcuffed plaintiff in over tight handcuffs despite lacking probable cause to believe plaintiff had committed any crime or offense.

17.     Defendant NYPD officers then transported plaintiff to the 73rd precinct station house and imprisoned him therein for a period of time before releasing plaintiff with Summons No. 4424738111, sworn to by defendant RIVERA.

18.     As a result of the issuance of the summons to plaintiff, plaintiff was compelled to appear to answer for said summons in Kings County Criminal Court, located at 346 Broadway, New York, New York, on September 25, 2015, on which date all the false charges were dismissed.

19.     RIVERA created and manufactured false evidence when he swore out a false summons against plaintiff and conveyed said summons to the Kings County District Attorney's Office and/or Kings County Criminal Court causing said evidence to be used against plaintiff in the aforementioned legal proceeding.

20.     Specifically, RIVERA swore in the summons that plaintiff possessed an illegal knife, despite the fact that there was no credible evidence to support this allegation, which was entirely false.

21.     Defendants RIVERA, SANABRIA, GRILLO, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts or failed to intervene in them despite a meaningful opportunity to do so.

22.     Defendant GRILLO supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

23.     Defendant RIVERA, SANABRIA, GRILLO, and JOHN and JANE DOE 1 through 10 owed a duty to plaintiff.

24.     Defendant RIVERA, SANABRIA, GRILLO, and JOHN and JANE DOE 1 through 10 breached their duty to plaintiff when they arrested plaintiff and placed overtight handcuffs on plaintiff's wrists, resulting in plaintiff sustaining emotional and physical injuries.

25.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to a practice of improper enforcement of the City of New York's knife laws.  Specifically, the City of New York has failed to train its police officers in how to recognize the difference between lawfully and

4

unlawfully possessed knives.

26.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK

is aware from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs

Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and the media, that

many NYPD officers, including the defendants are insufficiently trained regarding: proper

enforcement of knife laws, the probable cause necessary to make knife arrests, and engage in a

practice of falsification.  *See e.g.* http://www.villagevoice.com/news/how-a-50s-era-new-york-

knife-law-has-landed-thousands-in-jail-6662589.

27.     Further, in another civil rights action filed in this court involving false allegations

by NYPD officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as
> knowledge of cases in other federal and state courts, has revealed anecdotal
> evidence of repeated, widespread falsification by arresting police officers of the
> New York City Police Department. . . . [T]here is some evidence of an attitude
> among officers that is sufficiently widespread to constitute a custom or policy by
> the city approving illegal conduct of the kind now charged. *Colon v. City of New
> York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

28.     Defendant CITY OF NEW YORK is further aware that such improper training

has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW

YORK has failed to take corrective action.  This failure caused the officers in the present case to

violate the plaintiffs' civil rights.

29.     Moreover, upon information and belief, defendant CITY OF NEW YORK was

aware, prior to the incident, that the individual defendants lacked the objectivity, temperament,

maturity, discretion, and disposition to be employed as police officers.  Despite such notice,

defendant CITY of NEW YORK has retained these officers, and failed to adequately train and

supervise them.

30.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

31.     All of the aforementioned acts deprived plaintiff MICHAEL TAYLOR of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

33.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

34.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35.     As a result of the foregoing, plaintiff MICHAEL TAYLOR sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

**Federal Claims**

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendants arrested plaintiff MICHAEL TAYLOR without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

38.     Defendants caused plaintiff MICHAEL TAYLOR to be falsely arrested and unlawfully imprisoned.

39.     As a result of the foregoing, plaintiff MICHAEL TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendant RIVERA created false evidence against plaintiff MICHAEL TAYLOR.

42.     Defendant RIVERA utilized this false evidence against plaintiff MICHAEL TAYLOR in legal proceedings.

43.     As a result of defendant RIVERA's creation and use of false evidence, plaintiff

7

MICHAEL TAYLOR suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

44.    As a result of the foregoing, plaintiff MICHAEL TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

45.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.    Defendant RIVERA initiated, commenced and continued a malicious prosecution against plaintiff MICHAEL TAYLOR.

47.    Defendant RIVERA caused plaintiff MICHAEL TAYLOR to be prosecuted without any probable cause until the charges were dismissed on or about September 25, 2015.

48.    As a result of the foregoing, plaintiff MICHAEL TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

49.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.    Defendants had an affirmative duty to intervene on behalf of plaintiff MICHAEL

8

TAYLOR, whose constitutional rights were being violated in their presence by other officers.

51.     The defendants failed to intervene to prevent the unlawful conduct described herein.

52.     As a result of the foregoing, plaintiff MICHAEL TAYLOR's liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to handcuffing, and he was humiliated and compelled to appear in criminal court.

53.     As a result of the foregoing, plaintiff MICHAEL TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Supervisory defendant JAMES GRILLO personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

56.     As a result of the foregoing, plaintiff MICHAEL TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

59.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff MICHAEL TAYLOR's rights as described herein.  In addition, the New York City Police Department has failed to properly train its employees with regard to proper enforcement of New York City's knife laws, the probable cause required to make knife arrests, and are also aware that many officers engage in falsification in support of improper arrests.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

60.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MICHAEL TAYLOR.

61.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate

cause of the constitutional violations suffered by plaintiff MICHAEL TAYLOR as alleged herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MICHAEL TAYLOR as alleged herein.

63. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff MICHAEL TAYLOR was unlawfully arrested and maliciously prosecuted.

64. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MICHAEL TAYLOR' constitutional rights.

65. All of the foregoing acts by defendants deprived plaintiff MICHAEL TAYLOR of federally protected rights, including, but not limited to, the right:

        A.      To be free from false arrest/unlawful imprisonment;

        B.      To be free from the failure to intervene;

        C.      To receive his right to fair trial; and

        D.      To be free from malicious prosecution.

66. As a result of the foregoing, plaintiff MICHAEL TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

67.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     Within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law 50-e.

69.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

70.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

71.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

72.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York)

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     The defendant officers arrested plaintiff MICHAEL TAYLOR without probable cause.

75.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

12

76.     As a result of the aforementioned conduct, plaintiff MICHAEL TAYLOR was

unlawfully imprisoned in violation of the laws of the State of New York.

77.     As a result of the aforementioned conduct, plaintiff MICHAEL TAYLOR

suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and

loss of freedom.

78.     Defendant City, as employer of the individually named defendant officers, is

responsible for their wrongdoing under the doctrine of *respondeat superior.*

79.     As a result of the foregoing, plaintiff MICHAEL TAYLOR is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

80.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     As a result of the foregoing, plaintiff MICHAEL TAYLOR was placed in

apprehension of imminent harmful and offensive bodily contact.

82.     As a result of defendant officers' conduct, plaintiff MICHAEL TAYLOR has

suffered physical pain and mental anguish, together with shock, fright, apprehension,

embarrassment, and humiliation.

83.     Defendant City, as employer of the individually named defendant officers, is

responsible for their wrongdoing under the doctrine of *respondeat superior.*

84.     As a result of the foregoing, plaintiff MICHAEL TAYLOR is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

85. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Defendant officers made offensive contact with plaintiff MICHAEL TAYLOR without privilege or consent.

87. As a result of the defendant officers' conduct, plaintiff MICHAEL TAYLOR has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

88. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

89. As a result of the foregoing, plaintiff MICHAEL TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

90. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Defendant RIVERA initiated, commenced and continued a malicious prosecution

14

against plaintiff MICHAEL TAYLOR.

92.     Defendant RIVERA caused plaintiff MICHAEL TAYLOR to be prosecuted without probable cause until the charges were dismissed on or about September 25, 2015.

93.     Defendant City, as employer of the defendant RIVERA, is responsible for his wrongdoing under the doctrine of *respondeat superior*.

94.     As a result of the foregoing, plaintiff MICHAEL TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

95.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff MICHAEL TAYLOR.

97.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

98.     As a result of the foregoing, plaintiff MICHAEL TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

99.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.     Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff MICHAEL TAYLOR.

101.     As a result of the foregoing, plaintiff MICHAEL TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

102.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

104.     Defendant City, as employer of the individually named defendant officers, is responsible for their negligence under the doctrine of *respondeat superior*.

105.     As a result of the foregoing, plaintiff MICHAEL TAYLOR is entitled to

16

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12 against Defendant City of New York)

106.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.    As a result of defendant officers' conduct, plaintiff MICHAEL TAYLOR was deprived of his right to security against unreasonable searches, seizures, and interceptions.

108.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

109.    As a result of the foregoing, plaintiff MICHAEL TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MICHAEL TAYLOR demands judgment and prays for the

following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined

        by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: New York, New York
        May 31, 2017

                                        BRETT H. KLEIN, ESQ., PLLC
                                        Attorneys for Plaintiff MICHAEL TAYLOR
                                        305 Broadway, Suite 600
                                        New York, New York 10007
                                        (212) 335-0132

                                        By:    _s/ Brett Klein_____
                                               BRETT H. KLEIN (BK4744)

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MICHAEL TAYLOR,

                                           Plaintiff,                16 CV 5887
                                                          (NG) (RML)

        -against-

CITY OF NEW YORK, HENRY RIVERA, Individually,
JORGE SANABRIA, Individually, JAMES GRILLO,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                         Defendants.

--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132